IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LARRY LYNN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION .2:14-cv-379-MHT-TFM |
| ) | |
| CRENSHAW COUNTY SHERIFF DEPT., ) | |
| ) | |
| Defendants. ) | |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

On May 22, 2014, Plaintiff filed a complaint with this court pursuant to 42 U.S.C. § 1983.  On July 15, 2014 Plaintiff amended his complaint to allege that his constitutional rights were violated by Defendants because they exposed him to cruel and unusual punishment due to the conditions of his incarceration, failed to provide requested medical treatment while he was incarcerated, and also took his personal property without due cause. A number of the allegations arise from Plaintiff's arrest which took place sometime in November 2009, his imprisonment in solitary confinement which took place in December 2009 and from the alleged denial of medical treatment which occurred in June 2010, while Plaintiff was incarcerated.  Plaintiff also alleges his current health problems are related to the conditions of his incarceration and the lack of proper medical care during his confinement which ended in January, 2013.  (Doc. 24 at pp 1-2).

Thereafter the Court set this case for a status and scheduling conference and specifically advised Plaintiff as follows:

**The plaintiff is specifically cautioned that if he fails to appear as required by this order, the court will treat his failure to appear as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action and the undersigned will recommend that this case be dismissed for such failure.**

Pending at the time of the scheduling conference were numerous motions to dismiss filed by Defendants. (Docs. 11, 12, 25, and 36.) During the conference the court advised Plaintiff that it would enter an order giving Plaintiff a certain number of days to file responses to these motions and that his failure to do so could result in the court issuing a recommendation dismissing this action for Plaintiff's failure to prosecute. Thereafter the Court issued an Order requiring Plaintiff to respond to the motions to dismiss on or before September 3, 2014. As of the date of this Recommendation, Plaintiff has failed to file the required response with the court. The Plaintiff has further failed to file any request for an extension of time to file his response. The court, therefore. concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear that dismissal of this case is the proper course of action. The Plaintiff's amended complaint states that most, if not all, of the specific alleged constitutional violations against him occurred outside the two-year window for filing an action pursuant to 42 U.S.C. § 1983. *See* Ala. Code § 6-2-38(l) (1975); *Lufkin*

*v. McCallum,* 956 F. 2d 1104 (11th Cir. 1992). Indeed, Plaintiff specifically alleges Defendants violated his constitutional rights by unlawfully arresting him in November 2009, placing him in solitary confinement for three weeks in December 2009, and refusing appropriate medical treatment to him in June 2010. He then generally alleges that his current medical problems are due to the lack of medical treatment provided to him through out his incarceration which ended in January 2013. Thus, without a specific response by the Plaintiff to the Defendants' motions to dismiss, it is impossible for the court to determine which if any alleged violations occurred within the statute of limitations period. Consequently, the court concludes that Plaintiff's failure to comply with the Order of this Court requiring a response to the motions to dismiss (Doc. 29), especially after a warning from the bench that such failure could result in dismissal, warrants dismissal of this action. *Moon v. Newsome,* 863 F. 2d 835, 837 (11th Cir. 1989)(As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 Fed. Appx. 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's order directing amendment and warning of consequences for failure to comply.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice. It is further

ORDERED that the Plaintiff file any objections to the this Recommendation on or before **January 23, 2015.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 6th day of January, 2015.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE