IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LARRY LYNN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 2:14-cv-379-MHT-TFM |
| | ) |
| CRENSHAW COUNTY SHERIFF DEPT. | ) |
| *et. al.,* | ) |
| | ) |
| Defendants. | ) |

**SUPPLEMENTAL RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this Section 1983 action in this court on May 22, 2014. (Doc. 1). Thereafter Plaintiff filed an amended complaint. (Doc. 24). In Plaintiff's amended complaint, Plaintiff alleges that his constitutional rights were violated because Defendants (1) (a) exposed him to cruel and unusual punishment due to the conditions of his incarceration, and (b) because they failed to provide requested medical treatment while he was incarcerated; and (2) took his personal property without due process. (Doc. 24). By Recommendation of January 6, 2015, this court concluded that these claims and this case was due to be dismissed because the Plaintiff had failed to timely respond to Defendants' motions to dismiss and the complaint was barred by the two-year statute of limitations applicable to Section 1983 actions. (Doc. 31).

In support of these claims, Plaintiff specifically alleges in his amended complaint, that

Defendants violated his constitutional rights when: (1) they unlawfully arrested him in November 2009 and took his property; (2) they placed him in solitary confinement for three weeks in December 2009; (3) they harassed him with tasers when he requested medical treatment in June 2010 and (4) they refused appropriate medical treatment by failing to provide insulin to him from June 2010 and through the end of his incarceration in January 2013. He then generally alleges that his current medical problems are caused by his lack of medical treatment received throughout his incarceration and his "unsanitary" conditions of confinement. (Doc. 24).

In Plaintiff's objections to the recommendation, he argues that (1) the 2 year statute of limitations is tolled until his release from prison; and (2) that his "reasons for not prosecuting this case was because of lack of knowledge, and his case was filed within the statute of limitations." (Doc. 32). Plaintiff's first argument fails because there is no federal tolling rule governing 1983 actions and Alabama's tolling rule does not apply in this case. Indeed, when a federal court in a 1983 action borrows a state's statute of limitations provision, it should also borrow its tolling rules. S*ee Parrish v. City of Opp,* 898 F. Supp. 839, 844 (MD. Ala. 1995)(citing *Board of Regents v. Tomanio,* 446 U.S. 478 (1980)). Alabama's state tolling rule Ala. Code  6-2-8 (a), as amended in 1996, does not provide for tolling until an inmate is released from prison.  Rather, the amendment removed imprisonment as a disability entitling Lynn to protection under the tolling provision.

Moreover, this section is not applicable here because there is no allegation that Lynn is insane. *Welch v. Prison Health Services,* 2013 WL 6195791*6 (Nov. 27, 2013). Thus, there is no tolling provision under Alabama law which would save Plaintiff's complaint from the two-year statute of limitations.

With respect to Plaintiff's second argument, the law clearly states that the two-year statute of limitations in a Section 1983 action begins to run when "'the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" *Id.* (citing *Calhoun v. Alabama Alcoholic Beverage Control Board,* 705 F.2d 422, 425 (11th Cir. 1983)). Or stated another way, "a section 1983 action therefore accrues when the plaintiff knows or has reason to know of the underlying claim. *Id.* citing *Calhoun,* 705 F.2d at 424. Plaintiff, however, argues "that his reasons for not prosecuting this case was because of lack of knowledge." To the extent that Plaintiff argues the court should apply equitable tolling principles to his case, case law is clear that ignorance of the law "is not a factor that can warrant equitable tolling." *Wakefield v. Railroad Retirement Board,* 131 F. 3d 967, 969 (11th Cir. 1997).

The court recognizes, however, that Plaintiff brings a claim for a violation of his constitutional rights due to the denial of medical treatment and "unsanitary" conditions during his incarceration which began in November 2009 and ended January 2013, as well as a claim that he continues to suffer injury from the denial of the treatment and exposure to

these conditions. (Doc. 32 at p. 1). Furthermore, the court recognizes that at the time of its January 6, 2015 Recommendation, Plaintiff had failed to file any responses to the Motions to Dismiss. As the court noted in that Recommendation, "without a specific response by the Plaintiff to the Defendants' motions to dismiss, it is impossible for the court to determine which if any alleged violations occurred within the statue of limitations period." (Doc. 31 at p. 4). Accordingly, this court recommended dismissal of this entire action on that basis. (Doc. 31 at p. 3). Thereafter, Plaintiff filed objections to this recommendation which illuminated for the court the claims before it which survived a statute of limitations argument. (Doc. 32).

As stated above, the statute of limitations begins to run when "'the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" *Welch,* 705 F. 2d at 424 (citing *Calhoun,* 705 F. 2d at 425). The complaint in this action was filed on May 22, 2014 and Plaintiff specifically claims in his amended complaint that he was denied medical attention in June of 2010 and that he "never received proper medical attention including not receiving insulin necessary for his medical condition while incarcerated at Crenshaw County Jail." (Doc. 24 at p. 2). Lynn knew or clearly had reason to know he received no medical treatment from Crenshaw County Jail personnel from the time of his arrival at the jail and throughout his incarceration. Lynn also knew or clearly had reason to know of his unsanitary conditions of confinement from

4

the time of his arrival at the jail and throughout his incarceration.

Since Plaintiff filed his complaint on May 22, 2014, a portion of Plaintiff's denial of treatment and conditions of confinement claims, which occurred as early as May 22, 2012, survive a motion to dismiss. Indeed, since Plaintiff was released in January 2013, the relevant time period for factual development of Plaintiff's denial of treatment claim and conditions of confinement claim while incarcerated runs from May 22, 2012, two-years prior to the filing of the original complaint, through January of 2013. The court also recognizes that Plaintiff alleges that he continues to suffer medical injury resulting from the denial of treatment and "unsanitary conditions" during this time period. Thus, the relevant time period for demonstrating personal injury to Plaintiff from the alleged withholding of medical treatment and unsanitary conditions begins two years before he filed his complaint on May 22, 2014. Therefore, the court concludes that Plaintiff's claims for denial of medical treatment and unsanitary conditions of confinement by Crenshaw County Jail personnel during the time period of May 22, 2012 through January, 2013 and a continuation of medical injury from the poor conditions and denial of this treatment through May 22, 2014 survive a motion to dismiss.

Since the court has concluded that the statute of limitations bars only some of Plaintiff's claims and only parts of others temporally, the court will also address the other pending motions. First, the court will address Defendants' Crenshaw County Jail and the

Crenshaw County Sheriff's Department, Motions to Dismiss the complaint (Doc. 11)[1] and the complaint, as amended. (Doc. 25). Those Defendants argue that neither is a legal entity subject to suit or liability under Section 1983, s*ee Dean v. Barber,* 951 F.2d 1210, 1214-1215 (11th Cir. 1992), and therefore are to be dismissed as Defendants from this action on that basis. The Court agrees.

Defendant Mears' filed a Motion to Quash or Dismiss in which he argues that he was improperly served by mail at the Crenshaw County Sheriff Department. (Doc. 14). He explains he has never been employed by that Department, did not know the person who signed the receipt for the Summons and Complaint, and has not authorized anyone to receive service on his behalf. Thus he argues he has not been personally served because the Department is not his dwelling or usual place of abode, and he has not authorized anyone to receive service of process for him. *See* Fed. R. Civ. P. Rule 4 (c). The court agrees. Consequently, the Motion is due to be granted.

Finally, the Court will address Defendants, Ronnie White and Jerry Pritchard's, Motions to Dismiss or alternatively Motions for More Definite Statement, to the complaint (Doc. 12)[2] and the complaint, as amended. (Doc. 26). As more fully explained above, since

---

[1] Due to the filing of the Amended complaint (Doc. 24), the first motion to dismiss the complaint (Doc. 11) is Moot.

[2] Due to the filing of the Amended complaint (Doc. 24), the first motion to dismiss the complaint (Doc. 12) is Moot.

Plaintiff filed his complaint on May 22, 2014, the part of Plaintiff's denial of treatment claim and conditions of confinement claim, which occurred as early as May 22, 2012, survives a motion to dismiss on statute of limitations grounds. Indeed, the relevant time period for factual development of Plaintiff's denial of treatment claim and conditions of confinement runs from May 22, 2012 through January, 2013. Furthermore, the relevant time period for demonstrating personal injury as a result of these deprivations runs through May 22, 2014. However, all other claims stated in Plaintiff's complaint, as amended, are due to be dismissed for Plaintiff's failure to timely file them in federal court. Thus, the court concludes that these Motions to Dismiss are due to be granted in part and denied in part. Furthermore, Plaintiff's complaint, as amended, contains no specific factual allegations for the time period of May 22, 2012 through January of 2013, when he was released from confinement and fails to provide specific allegations concerning his alleged personal injury through May 22, 2014. Accordingly, the court concludes that Defendants Motions for More Definite Statements are due to be granted.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that the Recommendation of the Magistrate Judge entered on January 6, 2015 be SUPPLEMENTED by this RECOMMENDATION as follows:

(A) Defendants' Crenshaw County Jail and the Crenshaw County Sheriff's Department Motions to Dismiss the complaint (Doc. 11) and the complaint as amended (Doc.

25) be GRANTED and that these Defendants be DISMISSED as parties to this action.

(B)  Defendant Terry Mears' Motion to Quash Service or Dismiss (Doc. 14) be GRANTED.

(C)  Defendants' Ronnie White and Jerry Pritchard Motions to Dismiss or alternatively Motions for More Definite Statement to the complaint (Doc. 12) and to the complaint as amended (Doc. 26) be GRANTED in part and DENIED in part as follows:

(1)  The Motions to Dismiss (Docs. 12 and 26) be GRANTED as to all claims, except as to (a) Plaintiff's claim for cruel and unusual punishment resulting from deprivation of medical care and his "unsanitary" conditions of confinement from May 22, 2012 through January, 2013, his release date and (b) Plaintiff's allegation that he continued to suffer personal injury from the alleged withholding of medical treatment and unsanitary conditions of confinement from May 22, 2012 until May 22, 2014.

(2) The Motions for More Definite Statement to the Complaint (Docs. 12 and 26) be GRANTED such that on or before **March 16, 2015** Lynn file an **amended complaint** which specifically states what medical care Defendants failed to provide him, specifically describes his conditions of confinement and specifically names the Defendant(s) responsible for the time period May 22, 2012 through January, 2013, and which further specifically states the medical conditions that Plaintiff alleges he suffered from May 22, 2012 through May 22, 2014 due to violation of his constitutional rights by Defendants and gives facts describing

these conditions including the onset date.

It is further

ORDERED that the Plaintiff or any Defendant file any objections to this Recommendation on or before **February 23, 2015.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 9th day of February, 2015.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE